IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEVEN S. IBN-HAMEED, #73700066 * | |
| Plaintiff * | |
| v * | Civil Action No. DKC-16-2222 |
| MICHAEL KUNZ * | |
| HARRY GRACE | |
| AMANDA REINITZ * | |
| ZANE D. MEMEGER | |
| TIMOTHY J. SAVAGE * | |
| UNITED STATES DISTRICT COURT FOR | |
|     THE EASTERN DISTRICT OF * | |
|     PENNSYLVANIA | |
| * | |
| Defendants | |

***

## MEMORANDUM OPINION

The above-captioned complaint, filed on June 20, 2016, was filed by Plaintiff Steven S. Ibn-Hameed, a federal prisoner held at the Federal Detention Center in Philadelphia, Pennsylvania. Plaintiff has not paid the filing fee, nor has he submitted an affidavit and motion seeking *in forma pauperis* status. Because the complaint fails to state a claim upon which relief may be granted and must be dismissed, he will not be required to correct the filing fee deficiency.

This court is not obliged to ferret through a complaint, searching for viable claims. The instant complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir. 1988). To comply with the rule, a plaintiff must provide enough

detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, a plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

The complaint is not a model of clarity. Read broadly, it appears to contain a diatribe concerning Plaintiff's current detention and prosecution on federal criminal charges in the Eastern District of Pennsylvania. The assertions consist of bizarre legal conclusions that are based on the same rhetoric espoused by various anti-government groups such as the Moorish Americans, Sovereign Citizens, and the Flesh and Blood movement.

A complaint that is totally implausible or frivolous, such as this, may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). Clearly the allegations asserted by Plaintiff is a product of fantasy or delusional thinking that cannot be addressed by this court. Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. Indeed, the complaint is incomprehensible and does not provide this court or any potential defendants "fair notice" of the claims and facts upon which they are based. Thus, the complaint must be dismissed by separate order which follows.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge